THE PEOPLE OF THE TERRITORY OF UTAH,
   RESPONDENT, v. THOMAS TIDWELL AND JOSEPH
   ANDERSON, APPELLANTS.

REHEARING DENIED.
ID.—TITLE OF JUDGE TO OFFICE.—The question whether one of the
   justices who sat in the hearing of a case upon appeal, but who
   dissented from the decision, was legally a member of the court,
   will not be examined upon a motion for a rehearing, no such
   question having been raised before, and no facts being shown to
   warrant the inquiry.

ON petition for rehearing.   For opinion in the case see
4 Utah, 506.

*Mr. Arthur Brown,* for appellants.

*Mr. W. H. Dickson, U. S. Attorney,* for respondent.

BOREMAN, J.:

This matter comes before us upon a petition for a re-
hearing filed after the adjournment of the last term of this
court, but within the ten days allowed by a rule of the
court.   The rehearing is asked upon three grounds.

The first two grounds have reference to a supposed fail-
ure of the court to give due consideration to the questions
involved in the case.   They are simply an appeal to the
court to go over the arguments and authorities again, and
neither of these two grounds has reference to any law or
fact to which our attention was not called upon the hear-
ing of the case.   They are not new matters.   We see noth-
ing in either to warrant the court in granting a rehearing.

The third ground urged is that Judge Powers, who sat
in the hearing of the case in this court, was not, at the
time, a member of this court.   The question as to whether
Judge Powers was a legal member of this court is one
that the court would not examine into upon a motion for
a rehearing, where no facts are shown to warrant it, and

where one side only is heard. He was a *de facto* officer most certainly, and the attention of the court was not at the time called to any irregularity in his so doing, nor was any doubt cast upon his authority to act. Besides, Judge Powers did not agree with the majority of the court, but dissented.

We see no good reason for granting the prayer of the petitioner, and the rehearing is denied.

ZANE, C. J., and HENDERSON, J., concurred.